**NOT FOR PUBLICATION**

JUL 17 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10189 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-2430-JGZ-BGM |
| v. | |
| JOSE LUIS DUARTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted July 8, 2015[**]
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul L. Friedman, District Judge, U.S. District Court for the District of Columbia, sitting by designation.

A federal jury convicted appellant Jose Luis Duarte of one count of illegal re-entry after deportation in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2). The district court sentenced Duarte to 48 months' imprisonment, with credit for time served, to be followed by three years of supervised release. Duarte argues that he must be granted a new trial because the district court erred in: (1) denying Duarte's collateral attack on his 2004 removal; (2) admitting in evidence Duarte's Mexican birth certificate; and (3) admitting in evidence a Form I-181, completed by Duarte's now-deceased mother to obtain Duarte's Lawful Permanent Resident status.[1] We disagree and affirm the conviction.

We review the denial of a collateral challenge to a deportation order de novo, but the district court's factual findings for clear error. *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1129 (9th Cir. 2013). To attack the validity of a prior deportation order, a defendant "must show that he exhausted his administrative remedies, that the deportation proceedings improperly deprived him of the opportunity for judicial review, and that entry of the prior deportation order was fundamentally unfair." *Id*. at 1126 (citing 8 U.S.C. § 1326(d)(1)-(3)). Duarte did not exhaust his administrative remedies — he orally waived his right to appeal

---

[1] Duarte also incorrectly states that the district court excluded his Arizona birth certificate, which was revoked in 2006 after being deemed fraudulent. The Arizona birth certificate was admitted in evidence and Duarte's arguments regarding the alleged exclusion therefore are meritless.

after the immigration judge twice explained Duarte's right to appeal the removal decision. *See United States v. Gonzalez*, 429 F.3d 1252, 1256 (9th Cir. 2005) ("[A]n alien is barred from collaterally attacking the validity of an underlying deportation order if he validly waived the right to appeal that order during the deportation proceedings." (internal quotation marks omitted)); *see also United States v. Galicia-Gonzalez*, 997 F.2d 602, 604 (9th Cir. 1993) (per curiam) (holding that the defendant did not satisfy his burden to show that this waiver of appeal was invalid when he failed to allege "that his rights were improperly explained or that he was coerced into waiving them"). We therefore affirm the denial of Duarte's collateral attack without reaching the merits of his argument that the prior deportation proceeding was fundamentally unfair.

We review for abuse of discretion a district court's decision to admit evidence pursuant to a hearsay exception. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (citing *United States v. Rohrer*, 708 F.2d 429, 432 (9th Cir. 1983)). Whether the district court correctly construed a hearsay rule is reviewed de novo. *Id.* at 1214 (citing *United States v. Olafson*, 213 F.3d 435, 441 (9th Cir. 2000)). Duarte argues that the district court abused its discretion in admitting his certified Mexican birth certificate in evidence because Rule 803(8) of the Federal Rules of Evidence "does not extend to foreign documents." We, however, have held the opposite: foreign birth certificates, particularly those from Mexico that,

3

like Duarte's, are certified by an Apostille, are self-authenticating under Rule 44(a)(2) of the Federal Rules of Civil Procedure and admissible as public records under Rule 803(8) of the Federal Rules of Evidence. *United States v. Pintado-Isiordia*, 448 F.3d 1155, 1157 (9th Cir. 2006) (per curiam).[2] The district court therefore did not abuse its discretion.

The district court also did not abuse its discretion in admitting the Form I-181, entitled Completion of Record of Lawful Permanent Resident, completed by Duarte's now-deceased mother on behalf of Duarte.[3] The Form I-181 contains two levels of hearsay, both of which fall within a specified exception to the hearsay rule. The form itself is admissible as a public record under Rule 803(8) of the Federal Rules of Evidence, *see United States v. Marguet-Pillado*, 560 F.3d 1078, 1086 (9th Cir. 2009), and, because she is unavailable, Ms. Duarte's statements are admissible as statements of personal or family history under Rule 804(b)(4), *see United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) (regarding a similar

---

[2] Rule 44 of the Federal Rules of Civil Procedure is applicable in criminal proceedings. *See* Fed. R. Crim. P. 27.

[3] At the time of Duarte's original 2004 removal, he was a lawful permanent resident and eligible for cancellation of removal. Duarte did not advise the immigration judge of his lawful permanent resident status and it was lost upon removal. Although we are concerned that the government apparently was aware of Duarte's eligibility for cancellation of removal and kept silent, Duarte raised this argument for the first time in his Reply Brief in this Court and it is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that arguments not raised in the opening brief are waived).

government document, noting that, "[h]ad the aliens been unavailable, their statements might have been admissible under a separate exception, such as . . . a 'statement of personal or family history' under Rule 804(b)(4)").

Even if the district court had abused its discretion in admitting the Mexican birth certificate and Form I-181, which we hold it did not, Duarte's conviction had ample independent basis for a jury to conclude beyond a reasonable doubt that he illegally re-entered the United States after prior removal. The government presented undisputed evidence at trial that Duarte (1) admitted that he was a Mexican citizen in the United States illegally on numerous prior occasions, including statements under oath during removal proceedings in 2010, (2) pled guilty to one count of illegal re-entry in 2010, and (3) had been previously removed from the United States at least three times. Any alleged error or abuse of discretion therefore was harmless and did not substantially affect the verdict. *See Morales*, 720 F.3d at 1203 (holding that error regarding admissibility of government forms was harmless because "there was sufficient [independent] evidence to demonstrate that the individuals in question were aliens who had unlawfully entered the United States").

**AFFIRMED.**